UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6:20-CR-03-CHB-4 |
| ) | |
| v. ) | |
| ) | **ORDER ADOPTING MAGISTRATE** |
| CAITLIN SUE MAGGARD, ) | **JUDGE'S RECOMMENDED** |
| ) | **DISPOSITION** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram, [R. 185]. The Recommended Disposition addresses the United States Probation Office's ("USPO") Supervised Release Violation Report ("the Report") which alleges two violations of the conditions of Defendant Caitlin Sue Maggard's supervised release. *Id.* at 2. Neither party filed objections to the Recommended Disposition, and Maggard has filed a Waiver of Allocution, [R. 186]. For the reasons set forth below, the Court adopts the Magistrate Judge's Recommended Disposition and finds Maggard guilty of both violations.

Violation #1 of the Report charges a Grade C violation of the condition that prohibits "unlawful use of a controlled substance." [R. 185, p. 2]. Violation #2 of the Report charges a violation of the condition that Defendant must not commit another federal, state, or local crime. *Id.* Violation #2 is a Grade B violation because Defendant's use and possession of fentanyl, on account of her prior drug conviction, constitutes a Class E felony under 21 U.S.C. § 844(a). *Id.*

Judge Ingram conducted an initial appearance on these charges on March 24, 2022. *Id.* at 3; [R. 180]. The government requested detention, but Judge Ingram found Maggard met her burden under Rule 32.1(a)(6) to justify continued release. [R. 185, p. 3]. Judge Ingram then

conducted a final hearing on April 11, 2022. [R. 184]. At the final hearing, Maggard entered a knowing, voluntary, and intelligent stipulation to both violations in the Report. [R. 185, p. 4]. In doing so, she admitted to the factual basis for each of the violations. *Id.* Judge Ingram considered this stipulation and found that the United States established both violations under the standard set forth in 18 U.S.C. § 3583(e). *Id.*

Judge Ingram next considered the gravity of the underlying offense of conviction and Maggard's criminal history and concluded that Defendant's sentencing range under the Sentencing Guidelines (Revocation Table of Chapter Seven) is four to ten months. *Id.* at 5. Judge Ingram also noted that no maximum term of supervised release applied in this case. *Id.*

Judge Ingram next turned to the arguments made by the parties. *Id.* The United States recommended revocation with four months' imprisonment and imposition of a new three-year term of supervised release. *Id.* at 6. In making this argument, the United States acknowledged that Maggard is undergoing treatment and making improvements but argued that revocation was warranted due to the severe breach of the Court's trust. *Id.* Maggard, on the other hand, recommended that there be no revocation so she can continue her current IOP program and sober-living placement and not lose the gains she has been making since her release from incarceration. *Id.* at 7.

Having reviewed the record and the arguments of counsel, Judge Ingram considered all the statutory factors imported into the 18 U.S.C. § 3583(e) analysis, as well as the applicable Sentencing Guidelines range. *Id.* at 8–11. Judge Ingram found that revocation was not mandatory under 18 U.S.C. § 3583(g)(1) but was recommended under U.S.S.G. § 7B1.3(a)(1). *Id.* at 9. However, considering the nature and circumstances of Maggard's conviction, her history and characteristics, the need to deter criminal conduct and protect the public, and the opportunity for

education and treatment, Judge Ingram found that "continuing Defendant's treatment better serves the public's interest than incarceration." *Id.* at 9–10. Judge Ingram also considered the need to avoid unwarranted sentencing disparities, and reasoned that non-revocation is appropriate, even though it varies from the four-to-ten-month Guidelines Range. *Id.* at 11. Having considered all of these factors, Judge Ingram recommended the Defendant's release not be revoked, and that continued treatment is appropriate in lieu of revocation. *Id.* at 10. He further recommended that the Court require Defendant to perform ten (10) hours of community service every weekend until she finishes her IOP program. *Id.*

Judge Ingram's Recommended Disposition advised the parties that any objections must be filed within three (3) days. *Id.* at 12. The time to file objections has passed, and neither party has filed any objections to the Recommended Disposition nor sought an extension of time to do so. Instead, Maggard has filed a Waiver of Allocution, [R. 186].

Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." See *Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a Magistrate Judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Judge Ingram's Recommended Disposition. Accordingly, the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Recommended Disposition [**R. 185**] is **ADOPTED** as the opinion of this Court;

2. Defendant is found **GUILTY** of Violations #1 and #2.

3. Defendant's supervision is **NOT REVOKED**. Instead, she shall continue on the conditions previously imposed, [R. 140], but NOT including the new conditions the undersigned imposed at Defendant's initial appearance, [R. 180].

4. Defendant is subject to a new condition requiring ten (10) hours of community service each weekend (as directed by the probation officer), beginning the weekend of April 23 and extending to the end of Defendant's intensive outpatient drug-addiction treatment.

5. The Court requests the probation officer to contact the Court upon Defendant's completion of her current IOP program so that a status conference can be scheduled.

6. Judgment shall enter promptly.

This the 19th day of April, 2022.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY